RICHARD NOBLE,                          )
                                        )
        Petitioner/Appellant,           )    Appeal No.
                                        )    01-A-01-9503-CH-00093
v.                                      )
                                        )    Davidson Chancery
STATE OF TENNESSEE, TENNESSEE           )    No. 94-2274-I
DEPARTMENT OF CORRECTION, et al,        )
                                        )
        Respondents/Appellees.          )

FILED

Jan. 19, 1995

Cecil Crowson, Jr.
Appellate Court Clerk


COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


RICHARD NOBLE, Pro Se
Route 1, Box 330
Tiptonville, Tennessee  38079



CHARLES W. BURSON
Attorney General & Reporter

MERRILYN FEIRMAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, Tennessee  37243-0493
        ATTORNEY FOR RESPONDENTS/APPELLEES


AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

O P I N I O N

Petitioner/appellant Richard Nobel was tried and found guilty of first degree murder and sentenced under the Class X Statute to life imprisonment on 16 October 1981.

He filed a "Petition for Review of the Administrative Procedures Act for a Declaratory Order/Declaratory Judgment" in the Chancery Court for Davidson County on 28 July 1994. He alleged that in June 1994 he filed for a declaratory order "against the Tennessee Department of Corrections." He argues that he "is presently being illegally incarcerated by the Tennessee Department of Corrections" in that he was (a) sentenced under the Class X Statute on 16 October 1981 to a life sentence and, (b) since the date the petitioner was sentenced in 1981, the Class X laws under which the petitioner was sentenced have been "and are repealed by legislative acts and replaced with a new 1989 Sentencing Reform Act;" (c) that the legislature has repealed the Class X Statutes and enacted a new 1989 Sentencing Reform Act and that it failed to enact separate savings clauses to keep in effect the Class X Statutes under which he was sentenced in 1981.

He insists that the Department of Corrections is acting illegally and exceeding its authority by altering and changing his current "holding statutes to be able to continue the incarceration of the petitioner."

Petitioner insists that once the legislature repeals the statute under which he was sentenced and did not specifically "place [sic] a separate savings clause in effect, that it acts as a pardon to those that were sentenced under such statutes."

2

Tennessee Code Annotated section 40-35-117, in pertinent part, states as follows:

> (a) All person who committed crimes on or after November 1, 1989, shall be tried and sentenced under the provisions of this chapter.
>
> (b) Unless prohibited by the United States or Tennessee Constitution, any person sentenced on or after November 1, 1989, for offenses committed between July 1, 1982 and November 1, 1989 shall be sentenced under the provisions of this chapter.
>
> (c) All persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation.

As we have stated, the petitioner insists that the Class X Statute under which he was sentenced was repealed by the legislature and replaced by the 1989 Sentencing Reform Act.

Petitioner's argument is without foundation. The Sentencing Reform Act of 1989 specifically provides that the Sentencing Reform Acts of 1989 would apply only to person who had committed crimes after July 1, 1982.

The petitioner in this instance was sentenced on 16 October 1981, although the exact date on which he committed the murder is not contained in the record. It is clear that both the crime for which he was sentenced and the sentencing occurred prior to the enactment of the Sentencing Reform Act of 1989.

The contention of petitioner that the 1989 Sentencing Reform Act replaced the Class X Statute is without merit. The Chancellor properly dismissed the Petition for Declaratory Judgment.

The judgment of the Chancellor is in all respects affirmed, and the cause is remanded to the Chancery Court for any further necessary proceedings. Costs on appeal are taxed to the petitioner/appellant.

                                                 _____

SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE